John D. Penn
Texas Bar No. 15752300
**PERKINS COIE LLP**
500 N. Akard Street, Suite 3300
Dallas, Texas 75201
TEL: (214) 965-7700
FAX: (214) 965-7799
Email: jpenn@perkinscoie.com

*Counsel for Buaite Againn, LLLP*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| IN RE: § § § | |
| **JOHN HILBURN DAVIS, IV,** § § | Case No. 21-10970-HCM |
| Debtor. § § § | Chapter 7 |

### NOTICE OF RULE 2004 EXAMINATION

Counsel for Buaite Againn, LLLP will examine the following person under oath, at the date, time, and location set forth herein. The examination is being conducted pursuant to Federal Rules of Bankruptcy Procedure 2004 and Local Rule 2004 and will be taken before an officer authorized to record the testimony. The scope of the examination shall be as described in Federal Rule of Bankruptcy Procedure 2004. Pursuant to Local Rule 2004(c), no order shall be necessary.

Examinee: Digital Brands Group, Inc.

Date: April 21, 2022

Time: 9:30 a.m.

Location: 405 Colorado Street, Suite 1700
Austin, Texas 78701

The list of topics upon which the Examinee must provide one or more witnesses (as outlined on the reverse of the subpoena to be served upon the Examinee) is attached hereto and is

NOTICE OF RULE 2004 EXAMINATION
OF DIGITAL BRANDS GROUP, INC. - Page 1
155831647.1

located on the page for Examination Topics. The examination may continue from day to day until completed and the chapter 7 trustee, or other parties in interest, may attend and ask questions. If the Examinee receives this notice less than 14 days prior to the scheduled examination date, the examination will be rescheduled upon timely request to a mutually agreeable time. Pursuant to Local Rule 2004(b), any objection must be filed within seven (7) days of service of this notice.

## REQUEST FOR PRODUCTION

The examinee shall produce those documents, records, and tangible things listed in **Exhibit A** attached to this notice on or before Noon on **April 13, 2022**, and may contact John D. Penn, Esq. at (214) 965-7734 or jpenn@perkinscoie.com to coordinate such production.

Dated: March 21, 2022　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　*/s/ John D. Penn*
　　　　　　　　　　　　　　　　　　　　John D. Penn
　　　　　　　　　　　　　　　　　　　　Texas Bar No. 15752300
　　　　　　　　　　　　　　　　　　　　**Perkins Coie LLP**
　　　　　　　　　　　　　　　　　　　　500 N. Akard Street, Suite 3300
　　　　　　　　　　　　　　　　　　　　Dallas, Texas 75201
　　　　　　　　　　　　　　　　　　　　Phone: (214) 965-7734
　　　　　　　　　　　　　　　　　　　　Fax:　 (214) 965-7784
　　　　　　　　　　　　　　　　　　　　Email: jpenn@perkinscoie.com

　　　　　　　　　　　　　　　　　　　　***Counsel for Buaite Againn, LLLP***

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that, following inquiry to the attorney for the Debtor (who serves as the Chief Executive Officer of the proposed examinee), I communicated with the attorney who had been identified as the attorney for Digital Brands Group, Inc. by providing drafts of this Notice and the attachments hereto. The attorneys for the Debtor and the Chapter 7 Trustee were copied on the electronic mail message.

More than ten (10) days later, in response to a follow up message, the attorney replied that "While we are corporate/securities counsel to the company we are not representing the company in connection with this action." That attorney copied counsel for the Debtor and Chapter 7 Trustee on his message. (Since the attorney did note that his firm was not representing the Examinee in this matter and did provide the same information to the attorneys for the Debtor and the Chapter 7 Trustee, his name and contact information are not included in this filing.)

A follow up message to the Debtor's attorney did not provide a name of an attorney who would represent the Examinee with respect to this Rule 2004 Examination so Buaite Againn, LLLP is proceeding by notice and subpoena rather than by agreement.

                                        */s/ John D. Penn*
                                        John D. Penn

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 21, 2022, a true and correct copy of the foregoing was served upon all parties authorized to receive notice in this case via the Court's Electronic Case Filing system, as well as personally, upon the entity listed below.

**Service List**

| **National Registered Agents, Inc.,** *as registered agent for* *Digital Brands Group, Inc.* 1999 Bryan Street, Suite 900 Dallas, Texas 75201 | The personal service included this Notice, the attachments hereto and a subpoena issued pursuit to this Notice and Local Bankruptcy Rule 2004 |
|---|---|

A copy of the foregoing was also mailed to the Debtor at the addresses noted on his voluntary petition by first class mail, postage prepaid:

John Hilburn Davis IV
205 Tellus Street
Lakeway, Texas 78734

John Hilburn Davis IV
1400 Lavaca Street
Austin, Texas 78701

/s/ *John D. Penn*

John D. Penn

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

Western _____ District of Texas _____

In re John Hilburn Davis IV _____
             Debtor

Case No. 21-10970-hcm

Chapter 7

## SUBPOENA FOR RULE 2004 EXAMINATION

To: Digital Brands Group, Inc. _____
*(Name of person to whom the subpoena is directed)*

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| 405 Colorado Street, Suite 1700<br>Austin, Texas 78701 | April 21, 2022, at 9:30 a.m. |

The examination will be recorded by this method: video and transcription by court reporter

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See attached Exhibit A. Documents to be produced by noon on April 13, 2022.

    The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: March 21, 2022

                CLERK OF COURT

                              OR           */s/ John D. Penn*

    *Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Buaite Againn, LLLP _____, who issues or requests this subpoena, are:

John D. Penn, Esq., 500 N. Akard St., Ste. 3300, Dallas, TX 75201, JPenn@perkinscoie.com; (214) 965-7734

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on (*date*) _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
 (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**EXHIBIT A**

**DEFINITIONS**

1. As used herein, the terms "all," "any," and "each" shall each be construed as encompassing any and all.

2. As used herein, the connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

3. As used herein, the term "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

4. As used herein, the term "concerning" means relating to, referring to, describing, evidencing, or constituting.

5. As used herein, the term "Date" means the exact day, month, and year, if ascertainable, or the best available approximation, including relationship to other events (designate whether exact or approximate).

6. As used herein, the term "Debtor" means John Hilburn Davis, IV.

7. As used herein, the term "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in FRCP 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

8. As used herein, the term "DBG" means (a) Digital Brands Group, Inc., in its individual capacity; (b) any person or entity acting for or on behalf of DBG in any capacity; and (c) any entities merged into DBG and (d) DBG under any prior names. DBG specifically includes Denim.LA, Inc.

9. As used herein, the term "Transfer" means a conveyance of anything of value, including without limitation money, property, and any other forms of recompense.

155829908.1

10. As used herein, the term "Government Agencies" means any governmental and quasigovernmental body or agency, state or federal, including without limitation the Department of Justice and the Office of the United States Trustee for Region 7.

11. When referring to a person, "to identify," as used herein, means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

12. When referring to Documents, "to identify," as used herein, means to give, to the extent known, the (a) type of document; (b) general subject matter; (c) date of the document; and (d) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information consistent with Bankruptcy Rule 7033 and Fed. R. Civ. P. 33(d).

13. As used herein, the term "including" means including, but not limited to.

14. As used herein, the term "person" is defined as any natural person or any legal entity, including any business or governmental entity or association.

15. The use of the singular form of any word includes the plural and vice-versa.

16. The singular form of any noun shall be deemed to include the plural, and vice-versa.

17. The use of a verb in any tense shall be construed as the use of the verb in all other tenses and the singular form shall be deemed to include the plural, and vice-versa.

## UNAVAILABILITY OF DOCUMENTS

To the extent a document is sought herein and such document was, but is no longer in your possession, or subject to your control, or in existence, state whether it (i) is missing or lost, (ii) has

155829908.1

been destroyed, (iii) has been transferred, voluntarily or involuntarily to others, or (iv) has been otherwise disposed of and, in each instance, explain the circumstances surrounding and authorization for such disposition thereof; state the date or approximate date thereof; the contents of said document; and the person who authorized the transfer, destruction or other disposition of said document. Documents prepared prior to, but which relate or refer to, the time period covered by these document requests are to be identified.

## **PRIVILEGE**

Identify, by date, author, recipient, distribution list and subject matter, each document which is responsive to a specific document request, but which you will not produce based upon the assertion of a claim of privilege, attorney's work-product, or other asserted justification for non-production, and with respect thereto, specifically identify the alleged privilege asserted for each document.

155829908.1

# SCHEDULE OF DOCUMENTS

**Unless otherwise specified, the time frame for all requests begins on January 1, 2017 and continues each year through the present.**

1. Itemization of all payments to and received from the Debtor for any purposes, including compensation, expense reimbursement, remuneration, and benefits of any kind. This includes accounting entries that merely offset obligations to or from the Debtor.

2. All payroll records for the Debtor, including ledger(s) listing all obligations and payments of salary (or other compensation or remuneration) payments made to or for the benefit of the Debtor.

3. Tax reports, including W-2s, IRS Form 1099, State of California employment reports and any similar reports regarding all payments made to, or for the benefit of, the Debtor.

4. All documents reflecting or referring to the issuance, ownership, and disposition of options to purchase stock or other securities (whether or not such options had been exercised) that were in existence during 2017 and subsequent years and were owned (or held for the benefit of) the Debtor and / or Holly Davis (the Debtor's former wife). This includes "OG-70, Holly Davis, for 1,333,334 shares" reported as being granted on March 1, 2018 with a strike price of $0.21 and disclosed in a filing with the Securities Exchange Commission and available at https://www.sec.gov/Archives/edgar/data/1668010/000110465921049405/tm2038877d2_ex10-13.htm (being Exhibit 10.13 to Amendment 5 to Form S-1 filed on May 12, 2021 referring to Amendment No. 5 to Senior Credit Agreement & Security Agreement).

5. All documents listing payments to any person or entity for the benefit of the Debtor, including payments of personal living expenses of any kind as full or partial satisfaction of the obligation to pay salary, benefits, or other compensation to the Debtor. This specifically includes payments to or for the benefit of the Debtor's children and / or the Debtor's children.

6. Copies of all leases of residential real property used by the Debtor in whole or in part as a residence. This includes residential real property in Texas, California and any other location(s).

## DEPOSITION TOPICS

1. The documents requested herein, including the contents and information contained in those documents.

2. The nature of any relationship, arrangement, or agreement by and/or between DBG and the Debtor concerning the transfer of any assets (tangible or intangible) from Debtor to DBG, or for DBG's use of any of Debtor's assets, or any payment or other consideration that the Debtor has received for all such transfers and/or use.

3. The nature of any relationship, arrangement, or agreement by and/or between DBG and the Debtor concerning the transfer of any assets (tangible or intangible) from DBG to Debtor, or for Debtor's use of any of DBG's assets, or any payment or other consideration that DBG has received for all such transfers and/or use.

4. The nature of any relationship, arrangement, agreement, or proposal concerning DBG's payment for or sharing of the personal expenses of the Debtor.

5. The facts and circumstances concerning all payments to and received from the Debtor for any purposes, including compensation, expense reimbursement, remuneration, and benefits of any kind. This includes accounting entries that merely offset obligations to or from the Debtor.

6. Any agreements and other arrangements concerning DBG's obligations and payments of salary (or other compensation or remuneration) payments made to or for the benefit of the Debtor.

7. The facts and circumstances surrounding the issuance, ownership, and disposition of options to purchase stock or other securities (whether or not such options had been exercised) that were in existence during 2017 and subsequent years and were owned (or held for the benefit of) the Debtor and / or Holly Davis (the Debtor's former wife). This includes "OG-70, Holly Davis, for 1,333,334 shares" reported as being granted on March 1, 2018 with a strike price of $0.21 and disclosed in a filing with the Securities Exchange Commission and available at https://www.sec.gov/Archives/edgar/data/1668010/000110465921049405/tm2038877d2_ex10-13.htm (being Exhibit 10.13 to Amendment 5 to Form S-1 filed on May 12, 2021 referring to Amendment No. 5 to Senior Credit Agreement & Security Agreement).

8. The facts and circumstances surrounding any and all payments to any person or entity for the benefit of the Debtor, including payments of personal living expenses of any kind as full or partial satisfaction of the obligation to pay salary, benefits, or other compensation to the Debtor.

9. The nature of DBG's obligations under leases of residential real property used by the Debtor in whole or in part as a residence. This includes residential real property in Texas, California and any other location(s).

155829908.1